JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>PAIGE COLLECTIVE, an unknown business association; PAIGE MURRAY, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.  2:22-cv-09146-SB-MAR<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, plaintiff Paige, LLC (Paige) and defendants Paige Collective and Paige Murray (collectively, Defendants), pursuant to the settlement agreement between the parties (the Settlement Agreement) having an effective date of April 12, 2023 (the Effective Date), and consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, and pursuant to the Stipulation for Entry of Consent Judgment and Permanent Injunction (Stipulation) that the parties have filed in the above-captioned action, hereby stipulate and consent to the entry of the following Consent Judgment and Permanent Injunction (the Judgment).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this action, Paige, and Defendants.

2. Within five (5) calendar days of the Effective Date, Defendants shall pay Paige the sum of $15,000 by wire transfer using the wire transfer instructions provided in the Settlement Agreement. In the event that the payment is not timely made, interest shall accrue at the higher of the rate of 10% or the maximum legal rate under California law.

3. Plaintiff owns valid and enforceable rights in and to the trademark PAIGE in connection with denim, clothing, footwear, apparel accessories, handbags, jewelry, eyewear, candles, as well as goods and services related thereto, and online and brick-and-mortar retail store services for all of the foregoing.

4. Within thirty (30) calendar days of the Effective D ate, Defendants shall permanently and forever cease and desist worldwide from using, registering, applying to register, or otherwise acquiring any registration of or for (1) the PAIGE Mark, or any mark confusingly similar thereto, including, without limitation, PAIGE COLLECTIVE and PAIGE MURRAY, or (2) the term PAIGE as or as a part of any trademark, including PAIGE MURRAY or PAIGE COLLECTIVE, or any service mark, trade name, business or corporate name, domain name, or in any other manner, in both cases, in connection with denim, clothing, footwear, apparel accessories, handbags, jewelry, eyewear, candles, and any other goods or services closely related thereto, including, any all goods in International Classes 9, 18, or 25 (collectively, the "Prohibited Goods"),[1] or online or brick-and-mortar retail store services featuring any of the Prohibited Goods, except that: (A) defendant Paige Murray may use "Paige Murray" or "Paige" as her personal name, in a factual manner, or descriptively,

---

[1] General descriptions of the type of goods covered by each International Class are set forth at https://www.uspto.gov/trademarks/trademark-updates-and-announcements/nice-agreement-current-edition-version-general-remarks.

including on Paige Murray's personal social medial accounts, provided that: (i) such terms are used in a way that would clearly be perceived as only her personal name and not as a brand or trademark; and (ii) it would not be perceived as associated in any way with Plaintiff; (B) Paige Murray may continue to use her preexisting social media accounts that utilize her name, including by displaying the WORTH COLLECTIVE mark or linking to or tagging other accounts or websites on which the WORTH COLLECTIVE mark appears, so long as doing so does not otherwise violate the terms of this Judgment; (C) Paige Murray may continue to use the name "Paige Murray" in connection with the provision of business process management and transformation and business coaching services; (D) Paige Murray may utilize "Paige Murray" in the future so long as doing so does not otherwise violate the terms of this Judgment and so long as Plaintiff has provided advanced written approval of such uses; and (E) Defendants may continue to use the domain name paige-collective.myshopify.com provided that such use remains on the back-end and is not publicly visible to customers, potential customers, or otherwise.

5. In any proceeding to enforce this Judgment, the prevailing party shall be entitled to recover its attorneys' fees and costs.

6. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Plaintiff and Defendants, this Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to appeal this Judgment, on any basis, have been expressly waived by the Parties hereto.

7. This Judgment is entered into for the purpose of settlement and is without Defendants' admission as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. The Court makes no finding of fact or conclusion of law concerning any of the allegations or

claims Plaintiff asserted in this proceeding. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendants' obligations and responsibilities under this Judgment.

      8.    Except as otherwise provided for herein, the above-captioned action is dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: April 13, 2023

_____
Stanley Blumenfeld Jr.
United States District Court Judge